IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-14-0015 |
| GERALD BANKS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Gerald Banks's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582. (ECF No. 109.) The Motion is fully briefed and no hearing is required. *See* Local Rules 105.6, 207 (D. Md. 2021). For the reasons set forth below, the Court will deny the Motion.

### I.  *Legal Standard*

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Although a court must conclusively find an extraordinary and compelling reason in order to grant compassionate release, "a court need not explicitly make findings on extraordinary and compelling reasons where consideration of the § 3553(a) factors counsels against release." *United States v. Jones*, No. 22-6071, 2022 WL 2303960, at \*1 (4th Cir. Jun. 27, 2022) (citing *United States v. High*, 997 F.3d 181, 186–87 (4th Cir. 2021)). A defendant may move for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure

1

of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is a non-jurisdictional claim-processing rule. *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

## *II. Analysis*

First, the Court determines that Banks satisfied § 3582's exhaustion requirement before filing the instant Motion. Turning to the merits of the Motion, the Court concludes that because the § 3553(a) factors counsel against a sentence reduction in this case, it need not decide whether Banks has set forth an extraordinary and compelling reason warranting his compassionate release.

### *A. Exhaustion Requirement*

As a threshold matter, the Government disputes whether Banks properly exhausted his administrative remedies before filing this Motion. (*See* Resp. Opp'n Mot. Compassionate Release, ECF No. 114, at 3–4.) Banks's Motion includes a record of an email exchange between Banks and the warden of Federal Correction Institution ("FCI") Gilmer, where Banks is incarcerated. In an email dated February 19, 2022, Banks requested that the warden "file a Reduction in sentence/Compassionate Release[.]" (Mot. Compassionate Release at 5.) The warden instructed Banks to "[c]ommunicate with [his] unit team for proper guidance on [his] request," and Banks replied, "I have asked and spoken with Unit Team repeatedly on this issue, and continue to get redirected elsewhere or told [they're] out of forms." (*Id.*) Banks then filed the instant Motion, which is dated March 28, 2022. (*Id.* at 4.)

Under these circumstances, the Court is satisfied that Banks has met the exhaustion requirement, both by pursuing administrative avenues for compassionate release to the best of his ability and by waiting more than 30 days to file this Motion after making a request to the warden.

The Court will therefore proceed to consider (1) whether Banks has established the existence of "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A), and (2) whether granting compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

### B. *Extraordinary and Compelling Reasons*

The United States Sentencing Commission, pursuant to its mandate under 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction," has stated that such reasons exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of their term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D). Following the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "removed the BOP from [its] gatekeeping role," the Court of Appeals for the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy*, 981 F.3d 271, 274, 284 (4th Cir. 2020) (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Banks argues that his United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") advisory range was miscalculated, and that this error constitutes an extraordinary and compelling reason warranting a reduction in his sentence. Banks pled guilty in 2015 to one count of "Conspiracy to Commit Sex Trafficking by Force, Fraud and Coercion" in violation of 18 U.S.C. § 1594(c). (Plea Agreement, ECF No. 63, ¶ 1.) Subsection 1594(c) provides that a

3

person who "conspires with another to violate section 1591 shall be fined under this title, imprisoned for any term of years or for life, or both." Thus, the substantive offense underlying the conspiracy count was 18 U.S.C. § 1591, "Sex trafficking of children or by force, fraud, or coercion." Subsection (b)(1) of that statute imposes a mandatory minimum sentence of 15 years for an act of sex trafficking as defined by the statute and effected by "means of force, threats of force, fraud, coercion . . . or any combination of such means[.]" 18 U.S.C. § 1591(b)(1), (a). The conspiracy statute under which Banks was convicted carries no mandatory minimum sentence. *See* 18 U.S.C. § 1594(c).

At sentencing, the Government and Banks "agree[d] and stipulate[d]" to a base offense level of 34, based on their interpretation of U.S.S.G. §§ 2G1.1(a)(1) and 2X1.1(a). (Plea Agreement ¶ 7.) The Guidelines instruct generally that the base offense level for any conspiracy offense not subject to a guideline of its own is "[t]he base offense level from the guideline for the substantive offense[.]" U.S.S.G. § 2X1.1(a). Section 2G1.1(a) provides that a defendant's base offense level for a sex trafficking offense is "(1) 34, if the *offense of conviction is* 18 U.S.C. § 1591(b)(1); or (2) 14, *otherwise*." U.S.S.G. § 2G1.1(a) (emphasis added). Because the substantive conduct underlying Banks's conspiracy conviction would have been *punishable* under § 1591(b)(1), the parties concluded that § 2G1.1(a) of the Guidelines prescribed a base offense level of 34. After adjusting for Banks's acceptance of responsibility and accounting for the number of victims of his conduct, the United States Probation Office calculated a total offense level of 33. (*See* Presentence R. & R., ECF No. 68, ¶ 46.) Together with Banks's criminal history category of III, this offense level yielded an advisory Guidelines range of 168 to 210 months. (*See* Statement of Reasons, ECF No. 80, § III.) The parties agreed to a downward departure to 144 months' incarceration, which the Court found reasonable and imposed. (*See id.* § VI.)

4

In the years since Banks was sentenced, a circuit split has emerged over how best to interpret U.S.S.G. § 2G1.1. In support of his Motion, Banks cites to the Ninth Circuit's holding in *United States v. Wei Lin*. 841 F.3d 823 (9th Cir. 2016). The *Wei Lin* Court applied "common sense, the plain language of the guidelines, and the Sentencing Commission's commentary"[1] to a case identical to Banks's, where the defendant "was convicted of violating 18 U.S.C. § 1594(c)" for conspiracy to violate § 1591(a), but where "[t]he plea agreement and judgment [did] not mention 18 U.S.C. § 1591(b)(1)." *Id.* at 825; (*see* Plea Agreement ¶¶ 1 ("The Defendant agrees to plead guilty to . . . Conspiracy to Commit Sex Trafficking by Force, Fraud, and Coercion, in violation of 18 U.S.C. § 1594(c)."), 7(b) ("The base offense level is 34. U.S.S.G. § 2G1.1(a)(1)."); *see generally* Judgment, ECF No. 79). The Ninth Circuit concluded that "§ 2G1.1(a)(1) only applies to defendants who are subject to a fifteen-year mandatory minimum sentence under 18 U.S.C. § 1591(b)(1)," which does not attach to a conviction for conspiracy under § 1594(c). *Wei Lin*, 841 F.3d at 827.

In response, the Government cites to cases in which the Third and Eighth Circuits[2] reached the opposite conclusion. *United States v. Sims*, 957 F.3d 362, 364 (3rd Cir. 2020) ("Sims was convicted of conspiring to commit the offenses in § 1591(a) and (b)(1). So the base offense level in Guidelines § 2G1.1(a)(1) applies because that section specifically references convictions under § 1591(b)(1)."); *United States v. Guity-Nunez*, No. 20-2483, 2021 WL 6061763, at *1 (3rd Cir. Dec. 20, 2021) ("[E]ven if a defendant convicted under § 1594(c) pleads guilty 'only to conspiring

---

[1] The Sentencing Commission's commentary on the addition of § 2G1.1(a) to the Guidelines reads, in relevant part, "[T]he Adam Walsh Act added a new mandatory minimum . . . of 15 years under 18 U.S.C. § 1591(b)(1) . . . In response, the amendment provides a new base offense level of 34 ... if the offense of conviction is 18 U.S.C. § 1591(b)(1), but retains a base offense level of 14 for all other offenses." *Wei Lin*, 841 F.3d at 827 (internal citation omitted).

[2] The Government also cites to the Eleventh Circuit's decision in *United States v. Brantley*, 762 F. App'x 730 (11th Cir. 2019), but that case is inapposite because the defendant there pled guilty to the substantive offense of sex trafficking under § 1591(a) and was therefore subject to the mandatory minimum sentence prescribed by § 1591(b)(1). (*See* Resp. Opp'n Mot. Compassionate Release at 6.)

5

to violate § 1591(a),' the base offense would still be 34 because '[s]ubsections 1591(a) and (b)(1) are inextricably linked.'" (quoting *Sims*, 957 F.3d at 365 n.2)); *United States v. Carter*, 960 F.3d 1007, 1014 (8th Cir. 2020) ("Because the underlying substantive offense for [defendants' conspiracy] is § 1591(b)(1) and the applicable Guidelines provision (§ 2X1.1) directs that we treat these defendants as though they were convicted under § 1591(b)(1), we conclude the district court correctly assigned [defendants] base offense levels of 34." (citing *Sims*, 957 F.3d at 363)); *(see* Resp. Opp'n Mot. Compassionate Release at 6–7).

The Fourth Circuit has not yet addressed this question, and the lower courts within our Circuit are divided. *Compare United States v. Caldwell*, Crim. No. 2:17-002, 2021 WL 5579760, at *6 (E.D. Va. Nov. 30, 2021) ("The *Lin* decision is not controlling . . . and is likely not correct."), *with United States v. Jackson*, No. 2:16-cr-00054-DCN, 2018 WL 1316933 (D.S.C. Mar. 14, 2018) (observing that "legislative history and the history of the Guidelines makes clear that the base offense level should only be 34 if the 'offense of conviction' is § 1591(b)(1)" and concluding that "where none of the defendants have been convicted of the substantive offenses in § 1591(b)(1) . . . the base offense level is 14.").

In sum, the question of whether a person who pleads guilty under § 1594(c) to conspiracy to violate § 1591(a) should receive a base offense level of 34 is unresolved and complex. The Court notes with concern that Banks's advisory Guidelines range rests on an interpretation of U.S.S.G. § 2G1.1(a) that has since been called squarely into doubt. However, the Court need not decide whether this uncertainty constitutes an extraordinary and compelling reason warranting Banks's compassionate release because, in reviewing the sentencing factors set forth in 18 U.S.C. § 3553(a), it concludes that a sentence reduction is inappropriate in this case. *See Jones*, 2022 WL 2303960, at *1.

### C. *Section 3553(a) Factors*

18 U.S.C. § 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including:

> (1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.

*United States v. Bryant*, Crim. No. CCB-95-0202, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020). "[T]he applicable Guidelines range is only one factor that sentencing courts must consider in imposing a proper sentence." *United States v. Montes-Pineda*, 445 F.3d 375, 378 (4th Cir. 2006) (citing *United States v. Booker*, 543 U.S. 220, 259–60 (2005)).

In reviewing the conduct underlying Banks's conviction through the lens of the § 3553(a) factors, the Court finds that a sentence of 144 months remains appropriate even considering the dispute over his appropriate Guidelines range. Banks stipulated to having worked with his co-defendant Travis Lamont Foote to run a commercial sex work operation called "Premiere Pleasures," for which he and Foote posted online advertisements and regularly rented hotel rooms. (Stipulated Facts, Ex. A to Plea Agreement, ECF No. 63.) As part of that venture, Banks and Foote worked together to coerce an 18-year-old woman into performing sex work after Foote, using a false online persona, convinced her that if she moved to Baltimore he would "help her get back into high school and get a diploma[.]" (*Id.*) Banks also admitted that on one occasion, he had to "stop[ ] Foote from choking" a woman who was attempting to leave the hotel where she was performing sex work for Banks and Foote. (*Id.*) It is clear from these facts that Banks willfully exploited women as young as 18 for his own financial gain, and that he did so despite his knowledge that Foote was employing both deceit and violence to maintain power over those

7

women. A sentence of 144 months is appropriate not only to reflect the seriousness of this conduct, but also to deter members of the general public from taking such extreme advantage of others.

Further, Banks's personal criminal history counsels against a sentence reduction. At the time that he was sentenced for the instant offense, Banks had accumulated fifteen prior convictions over the course of twenty years for drug possession and distribution, illegal gun possession, burglary, theft, driving without a license, and forgery. (*See* Presentence R. & R. ¶¶ 50–64.) This lengthy criminal history, coupled with the escalation of his criminal conduct to include sex trafficking, supports the imposition of a 144-month sentence to protect the public and deter Banks from committing future crimes. Accordingly, the Court concludes that a thorough application of the § 3553(a) factors to this case counsels against a sentence reduction.

### III. *Conclusion*

For the foregoing reasons, it is hereby ORDERED that Gerald Banks's Motion for Compassionate Release (ECF No. 109) is DENIED.

DATED this **28** day of April, 2023.

BY THE COURT:

James K. Bredar
Chief Judge